IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN OGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-0210-CV-W-SRB |
| | ) |
| FIKE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before this Court is Plaintiff's Motion to Remand Count IV (Doc. #6). For the reasons discussed below, the Motion to Remand Count IV is granted, but the claim for attorney fees is denied.

Plaintiff brought a four count petition which included three removable claims and a fourth claim for retaliation for exercising rights under the Missouri Workers' Compensation Law. Defendant's removal of Court IV was premised upon supplemental jurisdiction. The defendant acknowledges that the Court "may" sever the workers' compensation retaliation claim. Defendant cites to Olson v. Saint Luke's Hosp. of Kansas City, No. 11-00602, 2012 WL 254124 at *2 (W.D. Mo. 2012) to support the removal of a non-removable claim. "In Missouri, an individual claiming injury as a result of retaliation for exercising workers' compensation rights may bring a claim under the anti-retaliation provision of the Missouri workers' compensation law, Mo. Rev. Stat. § 287.780. The Eighth Circuit has determined that a case asserting such a claim does arise under the workers' compensation law and, pursuant to 28 U.S.C. § 1445(c), is non-removable to federal court. Id. at *1 (citing to Humphrey v. Sequentia, 58 F.3d 1238, 1246 (8th Cir. 1995)). Defendant also cites to Burris v. Zale Delaware, Inc., No. 09-6099, 2009 WL

3762987 at *3 (W.D. Mo. 2009) to support the proposition that severing a non-removable portion of a case involving federal question jurisdiction is permissible. Burris also stands for the proposition that a workers' compensation claim removed to federal court is a "procedural defect" that can be waived. Id. at *2. It is this Court's understanding of 28 U.S.C. § 1445 and Eighth Circuit precedent that this Court *must* sever the non-removable claim, not *may*, as defendant argues.

There is no dispute that this Court shall sever Count IV. The only real dispute is whether this Court should award attorney fees under 28 U.S.C. § 1447. The Supreme Court has held that attorney's fees shall only be awarded when "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp. 546 U.S. 132, 140 (2005). Defendant argues that it was entitled to "contemplate that, once the three federal causes of action were removed to federal court, Plaintiff may have opted to leave the fourth cause (work comp retaliation) in the same court for purposes of economic and judicial efficiency and to avoid litigating Plaintiff's claims in two different venues." Defendant also argues under Bloom v. Metro Heart Group of St. Louis, Inc., 440 F.3d 1025 (8th Cir. 2006) that plaintiff may have failed to timely move for remand, thereby waiving the right to be properly returned to state court.

The Defendant's arguments regarding the justification for removal of Count IV could have all been resolved with a simple phone call to opposing counsel prior to removal. Both of this Western District of Missouri decisions on this issue, Olson and Burris, were not published opinions. This Court holds that a Missouri workers' compensation retaliation case is non-removable. With the publication of this opinion, there is no longer an objectively reasonable basis for seeking removal. Since there was at least an arguable basis for removal prior to this published opinion, there will be no award of attorney's fees in this case.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Remand Count IV (Doc. #6) is granted. It is further

ORDERED that Plaintiff's Counts I - III will remain pending in this Court. It is further

ORDERED that Plaintiff's claim for attorney's fees is denied.

IT IS SO ORDERED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2016